UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

FILED

JAN 08 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ___naa___, DEPUTY

Ryan Coleman,

Plaintiff,

v.

Miranda Long, Guardian ad Litem, in her individual capacity;

Allyson Dow, Attorney, in her individual capacity;

Does 1–10, individuals whose identities are presently unknown, who acted individually or in concert with the named Defendants,

Defendants.

Case No. CIV-26-30-G

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. § 1983; Americans with Disabilities Act, Title II)

## I. NATURE OF ACTION

1. This is a civil rights action against Defendants Miranda Long and Allyson Dow, and Does 1–10, challenging unconstitutional procedural due process violations, structural bias, denial of meaningful access to the courts, and misuse of attorney–client privileged material arising from state domestic proceedings.

2. Plaintiff does not seek federal review of custody determinations, parenting time, or division of marital property.
3. Plaintiff seeks only declaratory and narrowly tailored injunctive relief to remedy violations of federally protected rights affecting the integrity and fairness of the process.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act).
5. Venue is proper in the Western District of Oklahoma because the acts and omissions complained of occurred in Oklahoma County, Oklahoma.

## III. PARTIES

6. Plaintiff Ryan Coleman is a parent whose fundamental liberty interests were affected by the conduct described herein.
7. Defendant Miranda Long was appointed as Guardian ad Litem in the underlying state proceedings and exercised authority delegated by the state court. She acted under color of state law and is sued in her individual capacity.
8. Defendant Allyson Dow is an attorney who knowingly participated in and benefited from conduct that deprived Plaintiff of federally protected rights. She is sued in her individual capacity.
9. At all relevant times, Defendant Allyson Dow also held a leadership position as a Governor of the Oklahoma Bar Association, a role carrying

heightened ethical obligations and institutional influence relevant to the context in which the challenged conduct occurred.

10. Defendants Does 1–10 are individuals who acted individually or in concert with Defendants Long and Dow and whose identities will be determined through discovery.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff attempted in good faith to resolve the constitutional defects raised herein prior to filing this action, including proposing settlement terms designed to cure due process violations. Those efforts were expressly rejected.

12. During the state proceedings, Defendant Long withheld or selectively disclosed Guardian ad Litem information and recommendations, depriving Plaintiff of access to material relied upon by the court.

13. Defendant Long made contradictory representations regarding the existence, completion, and timing of Guardian ad Litem recommendations.

14. Defendant Dow relied upon undisclosed or non-record material and opposed disclosure of such material to Plaintiff.

15. Defendants Long and Dow, acting individually and jointly, caused attorney–client privileged communications and attorney impressions associated with Plaintiff's former counsel to be referenced or used against Plaintiff without waiver and without disclosure.

16. Plaintiff sought relief through state extraordinary proceedings; however, the constitutional violations caused by Defendants were not resolved on the merits.

17. Continuing proceedings without curing these defects risks embedding unconstitutional credibility determinations and tainted findings into permanent judgments.

## V. CLAIMS FOR RELIEF

### COUNT I — Procedural Due Process

(42 U.S.C. § 1983 — Against All Defendants)

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19. Defendants Long and Dow, acting under color of state law and through joint participation, deprived Plaintiff of procedural due process by suppressing material information, engaging in selective disclosure, and relying on undisclosed evidence.

20. The conduct of Defendants directly interfered with Plaintiff's protected liberty interest in the care, custody, and relationship with his child.

### COUNT II — Structural Bias / Lack of Neutral Process

(Fourteenth Amendment — Against All Defendants)

21. The actions of Defendants Long and Dow, including one-sided information flow and selective disclosure, created an unconstitutional risk of bias and denied Plaintiff a neutral adjudicative process.

### COUNT III — Americans with Disabilities Act, Title II

(42 U.S.C. § 12132 — Against Defendant Long and Doe Defendants)

22. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

23. Defendant Long, acting as a court-appointed official, denied Plaintiff meaningful access to court proceedings by withholding information necessary for effective participation and defense.

24. Doe Defendants acted in concert with Defendant Long in perpetuating this denial of access.

COUNT IV — Joint Participation / Conspiracy

(42 U.S.C. § 1983 — Against All Defendants)

25. Defendants Long and Dow acted in concert and through joint participation to deprive Plaintiff of rights secured by the Constitution and laws of the United States.

COUNT V — Due Process: Attorney–Client Privilege Breach

(42 U.S.C. § 1983 — Against All Defendants)

26. Plaintiff held attorney–client privilege over communications and attorney impressions associated with his former counsel.

27. Defendants Long and Dow caused or permitted privileged material to be used against Plaintiff without waiver, disclosure, or opportunity to rebut.

28. This conduct violated fundamental fairness and Plaintiff's right to due process.

VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated Plaintiff's constitutional and statutory rights;

B. Enjoin Defendants from relying on undisclosed, withheld, or privileged material in any future proceeding;

C. Order Defendants to produce Guardian ad Litem communications, recommendations, and related records necessary to cure due process defects;

D. Require prospective safeguards ensuring equal access and ADA compliance;

E. Award costs and such other relief as the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,


Ryan Coleman

Plaintiff, Pro Se

1013 NE 120th Oklahoma City, OK 73131

4059906979

Ryan@liveunitedokc.com


1/8/2026