Gmail

Ryan Coleman <ryan@liveunitedokc.com>

**Fwd: Good-Faith Settlement Proposal Prior to Further Litigation**
2 messages

**Ryan Coleman** <liveunitedokc@gmail.com> Thu, Jan 8, 2026 at 8:46 AM
To: Ryan Coleman <ryan@liveunitedokc.com>

Exhibit 1

**From:** Ryan Coleman <liveunitedokc@gmail.com>
**Date:** January 7, 2026 at 6:20:14 PM CST
**To:** Allyson Dow <allyson@henrydowlaw.com>
**Cc:** Crystal Pietroforte <crystal@henrydowlaw.com>
**Subject: Re: Good-Faith Settlement Proposal Prior to Further Litigation**

Counsel,

Thank you for confirming your client's position.

For the record, my proposal was directed at unresolved due-process violations affecting custody determinations, not the scope of the upcoming property trial.

I consider good-faith resolution efforts exhausted.

Regards,
Ryan Coleman

On Jan 7, 2026, at 5:17 PM, Allyson Dow <allyson@henrydowlaw.com> wrote:

My client rejects this proposal.

The upcoming Trial is about property and debt division, as custody and visitation has already been ruled upon.

Thank you,

ALLYSON DOW

<H+D+M+A.png>
**www.henrydowlaw.com**

**OKC Office**: 1211 N. Shartel Avenue, Suite 1005, OKC, OK 73103: 405.605.0681
Tulsa Office- *available upon request*

**Make a Secure Payment with your Debit/Credit card at:**
https://pay.gravity-legal.com/standing-link/2151f28c-327a-4f5b-b6e2-a9f493d8ff74

On Wed, Jan 7, 2026 at 4:58 PM Ryan Coleman <liveunitedokc@gmail.com> wrote:

Counsel,

I am writing to see whether the parties can resolve the remaining domestic-relations issues in this matter by agreement and avoid further litigation, in the best interest of our daughter.

Attached is a proposed Settlement Agreement and Decree that would fully resolve custody, parenting time, property, and support, and allow entry of a final decree. The proposal reflects the following key terms:

- Joint legal custody with equal week-on/week-off parenting time;
- School stability, equal access to records, and mutual decision-making with mediation required before court intervention;
- Medical decision-making requiring agreement for major care, with emergency authority preserved;
- Extracurricular activities requiring mutual agreement when they affect schedule or involve significant cost, with agreed expenses split equally;
- Clear transportation and exchange logistics, including school-based exchanges when in session;
- Travel rules requiring notice for out-of-state travel and written consent for international travel;
- A relocation restriction preventing relocation outside Oklahoma or more than 50 miles from Oklahoma County until the child reaches the age of majority absent consent or court order;
- Stipulated acknowledgment that prior DHS involvement did not result in substantiated findings and that unsubstantiated allegations will not be relied upon absent new evidence;

• Equal (50/50) division of all marital assets and debts, with the marital home either sold with proceeds split equally or one party buying out the other's equity, and retirement accounts divided 50/50 by QDRO as required by law;

• Each party bearing his or her own attorney's fees;

• Mutual closure of prior procedural disputes related to record preservation and transcripts; and

• Mutual non-harassment, non-disparagement, and no public or social-media commentary provisions to protect the child and both parties.

As you are aware, the Oklahoma Supreme Court has denied rehearing on my original jurisdiction petition, and I am preparing to pursue further remedies related to the process issues that have arisen in this case. Before proceeding further on that track, I want to make a sincere effort to resolve the domestic issues by agreement if that is possible.

The proposed agreement resolves domestic-relations issues only and does not require either party to waive any separate non-domestic rights or remedies outside the family court's jurisdiction.

If your client is willing to discuss settlement, I am available to confer this week and am also open to mediation if that is preferred.

Please let me know how your client wishes to proceed.

Respectfully,

Ryan Coleman

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY

**STATE OF OKLAHOMA**

In re the Marriage of:

EBONY CAMILLE COLEMAN, Petitioner,

v.

RYAN COLEMAN, Respondent.

Case No. FD-2024-527

Assigned to: Hon. Judge Montagna

# SETTLEMENT AGREEMENT AND DECREE

The parties, Ebony Camille Coleman ("Petitioner") and Ryan Coleman ("Respondent"), hereby enter into the following Settlement Agreement to resolve all domestic-relations issues in this matter.

# I. CUSTODY & PARENTING PLAN

**1. Joint Legal Custody**

The parties shall share joint legal custody of the minor child.

**2. Equal Parenting Time**

Parenting time shall follow a week-on / week-off schedule, with exchanges each Monday at 8:00 a.m., unless otherwise agreed in writing.

**3. School Enrollment & Education**

a. The child shall remain enrolled in the current school district unless both parties agree in writing or the Court orders otherwise.

b. Both parents shall have equal access to all school records, portals, teachers, counselors, and school activities.

c. Each parent shall be listed as an emergency contact and authorized pickup person unless restricted by law or court order.

d. Decisions regarding school changes, special education, tutoring, or major academic programs require mutual agreement or mediation as set forth below.

**4. Medical Care & Health Decisions**

a. Each parent may obtain routine medical, dental, and vision care during his or her parenting time and shall notify the other parent of appointments and results.

b. Major medical decisions require mutual agreement.

c. Either parent may obtain emergency care and shall notify the other parent as soon as reasonably possible.

d. Both parents shall have equal access to medical providers and records.

**5. Extracurricular Activities & Expenses**

a. Activities affecting the other parent's schedule or involving significant cost require mutual agreement.

b. Agreed expenses shall be divided equally.

c. Each parent may enroll the child in activities during his or her parenting time that do not interfere with the other parent's schedule or impose ongoing costs.

**6. Dispute Resolution**

If the parties cannot agree:

a. Good-faith discussion shall occur;

b. Mediation within fourteen (14) days;

c. Court intervention only after mediation.

**7. Transportation and Exchanges**

a. Exchanges at school when in session; otherwise curbside at receiving parent's residence or agreed public location.

b. Receiving parent provides transportation.

c. Delays over fifteen (15) minutes without notice may be documented but do not forfeit time.

d. Responsible third-party transportation permitted with reasonable notice.

e. Prompt communication required for delays or emergencies.

**8. Travel and Out-of-State Notification**

a. In-state travel requires no notice if it does not interfere with parenting time.

b. Out-of-state travel requires seven (7) days' advance written notice when practicable.

c. Notice shall include destination, dates, transportation, lodging or general location, and contact number.

d. International travel requires written consent or court order and full itinerary.

e. Travel shall not be used to interfere with parenting time.

**9. Relocation Restriction**

Neither parent shall relocate the child's primary residence outside Oklahoma or more than fifty (50) miles from Oklahoma County until the child reaches the age of majority, absent written consent or court order based on necessity and best interests.

**10. Right of First Refusal**

If either parent cannot personally care for the child for six (6) consecutive hours or more, that parent shall offer the other parent the opportunity to care for the child before third-party childcare, unless the child is already in scheduled school or activities.

**11. Make-Up Parenting Time**

Missed parenting time shall be made up within fourteen (14) days or at the next reasonable opportunity by agreement.

# II. CHILD SUPPORT & SPOUSAL SUPPORT

1. Child support shall be calculated under Oklahoma Child Support Guidelines and adjusted for equal parenting time.
2. Each party waives spousal support now and in the future.

# III. PROPERTY & DEBT DIVISION

1. All marital assets and debts shall be divided equally (50/50) under Oklahoma law.
2. The marital residence shall be sold with proceeds divided equally or retained by one party with refinance and equal equity buy-out.
3. If no agreement within sixty (60) days, the home shall be listed for sale.
4. Retirement accounts shall be divided equally via QDRO or other lawful instruments.
5. Each party retains property in his or her possession unless listed otherwise.
6. Each party holds the other harmless from assigned debts.

# IV. ATTORNEY FEES & COSTS

1. Each party bears his or her own attorney's fees and costs.
2. Transcript purchases and record preservation shall not be grounds for contempt or sanctions.

## V. DHS & SAFETY ALLEGATIONS

1. DHS involvement did not result in substantiated findings of abuse, neglect, or deprivation, and no criminal charges were filed.
2. Prior unsubstantiated allegations shall not be relied upon absent new evidence.

## VI. MUTUAL CONDUCT & PUBLIC STATEMENTS

1. No harassment or interference with parenting time.
2. No disparagement in the child's presence or through third parties.
3. No adult conflict during exchanges or in the child's presence.
4. Communication shall be civil and child-focused.
5. No negative public or social-media statements about the other parent.

6. No public discussion of court proceedings or allegations.
7. Violations may support contempt or modification as allowed by law.

## VII. PARENT COMMUNICATION PLATFORM

Except in emergencies, all communication regarding the child shall occur through TalkingParents or OurFamilyWizard.

## VIII. RESERVATION OF NON-DOMESTIC RIGHTS

1. This Agreement resolves domestic-relations issues only.
2. No waiver of civil, constitutional, statutory, administrative, or professional-conduct claims.
3. No admissions of wrongdoing.

## IX. ENFORCEMENT & JURISDICTION

1. Modification requires material, substantial, and continuing change of circumstances.

2. Oklahoma County District Court retains jurisdiction for enforcement.

# X. FINALITY

This Agreement shall be incorporated into the Final Decree of Divorce and shall be enforceable as an order of the Court.

Respectfully submitted,

Ryan Coleman, Respondent, Pro Se

Date: __________

Ebony Camille Coleman, Petitioner

Date: __________

<H+D+M+A.png>

---

**Ryan Coleman** <ryan@liveunitedokc.com> Thu, Jan 8, 2026 at 9:55 AM
To: Ryan Coleman <ryan@liveunitedokc.com>

**From:** Ryan Coleman <liveunitedokc@gmail.com>
**Date:** January 8, 2026 at 8:46:53 AM CST
**To:** Ryan Coleman <ryan@liveunitedokc.com>
**Subject: Fwd: Good-Faith Settlement Proposal Prior to Further Litigation**

**From:** Ryan Coleman <liveunitedokc@gmail.com>

**Date:** January 7, 2026 at 6:20:14 PM CST
**To:** Allyson Dow <allyson@henrydowlaw.com>
**Cc:** Crystal Pietroforte <crystal@henrydowlaw.com>

**Subject: Re: Good-Faith Settlement Proposal Prior to Further Litigation**

Counsel,

Thank you for confirming your client's position.

For the record, my proposal was directed at unresolved due-process violations affecting custody determinations, not the scope of the upcoming property trial.

I consider good-faith resolution efforts exhausted.

Regards,
Ryan Coleman

On Jan 7, 2026, at 5:17 PM, Allyson Dow <allyson@henrydowlaw.com> wrote:

My client rejects this proposal.

The upcoming Trial is about property and debt division, as custody and visitation has already been ruled upon.

Thank you,

ALLYSON DOW

<H+D+M+A.png>
**www.henrydowlaw.com**

**OKC Office**: 1211 N. Shartel Avenue, Suite 1005, OKC, OK 73103: 405.605.0681
Tulsa Office- *available upon request*

Make a Secure Payment with your Debit/Credit card at:
https://pay.gravity-legal.com/standing-link/2151f28c-327a-4f5b-b6e2-a9f493d8ff74

On Wed, Jan 7, 2026 at 4:58 PM Ryan Coleman <liveunitedokc@gmail.com> wrote:

Counsel,

I am writing to see whether the parties can resolve the remaining domestic-relations issues in this matter by agreement and avoid further litigation, in the best interest of our daughter.

Attached is a proposed Settlement Agreement and Decree that would fully resolve custody, parenting time, property, and support, and allow entry of a final decree. The proposal reflects the following key terms:

• Joint legal custody with equal week-on/week-off parenting time;

• School stability, equal access to records, and mutual decision-making with mediation required before court intervention;

• Medical decision-making requiring agreement for major care, with emergency authority preserved;

• Extracurricular activities requiring mutual agreement when they affect schedule or involve significant cost, with agreed expenses split equally;

• Clear transportation and exchange logistics, including school-based exchanges when in session;

• Travel rules requiring notice for out-of-state travel and written consent for international travel;

• A relocation restriction preventing relocation outside Oklahoma or more than 50 miles from Oklahoma County until the child reaches the age of majority absent consent or court order;

• Stipulated acknowledgment that prior DHS involvement did not result in substantiated findings and that unsubstantiated allegations will not be relied upon absent new evidence;

• Equal (50/50) division of all marital assets and debts, with the marital home either sold with proceeds split equally or one party buying out the other's equity, and retirement accounts divided 50/50 by QDRO as required by law;

• Each party bearing his or her own attorney's fees;

• Mutual closure of prior procedural disputes related to record preservation and transcripts; and

• Mutual non-harassment, non-disparagement, and no public or social-media commentary provisions to protect the child and both parties.

As you are aware, the Oklahoma Supreme Court has denied rehearing on my original jurisdiction petition, and I am preparing to pursue further remedies related to the process issues that have arisen in this case. Before proceeding further on that track, I want to make a sincere effort to resolve the domestic issues by agreement if that is possible.

The proposed agreement resolves domestic-relations issues only and does not require either party to waive any separate non-domestic rights or remedies outside the family court's jurisdiction.

If your client is willing to discuss settlement, I am available to confer this week and am also open to mediation if that is preferred.

Please let me know how your client wishes to proceed.

Respectfully,

Ryan Coleman

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY

STATE OF OKLAHOMA

In re the Marriage of:

EBONY CAMILLE COLEMAN, Petitioner,

v.

RYAN COLEMAN, Respondent.

Case No. FD-2024-527

Assigned to: Hon. Judge Montagna

# SETTLEMENT AGREEMENT AND DECREE

The parties, Ebony Camille Coleman ("Petitioner") and Ryan Coleman ("Respondent"), hereby enter into the following Settlement Agreement to resolve all domestic-relations issues in this matter.

# I. CUSTODY & PARENTING PLAN

**1. Joint Legal Custody**

The parties shall share joint legal custody of the minor child.

**2. Equal Parenting Time**

Parenting time shall follow a week-on / week-off schedule, with exchanges each Monday at 8:00 a.m., unless otherwise agreed in writing.

**3. School Enrollment & Education**

a. The child shall remain enrolled in the current school district unless both parties agree in writing or the Court orders otherwise.

b. Both parents shall have equal access to all school records, portals, teachers, counselors, and school activities.

c. Each parent shall be listed as an emergency contact and authorized pickup person unless restricted by law or court order.

d. Decisions regarding school changes, special education, tutoring, or major academic programs require mutual agreement or mediation as set forth below.

**4. Medical Care & Health Decisions**

a. Each parent may obtain routine medical, dental, and vision care during his or her parenting time and shall notify the other parent of appointments and results.

b. Major medical decisions require mutual agreement.

c. Either parent may obtain emergency care and shall notify the other parent as soon as reasonably possible.

d. Both parents shall have equal access to medical providers and records.

**5. Extracurricular Activities & Expenses**

a. Activities affecting the other parent's schedule or involving significant cost require mutual agreement.

b. Agreed expenses shall be divided equally.

c. Each parent may enroll the child in activities during his or her parenting time that do not interfere with the other parent's schedule or impose ongoing costs.

**6. Dispute Resolution**

If the parties cannot agree:

a. Good-faith discussion shall occur;

b. Mediation within fourteen (14) days;

c. Court intervention only after mediation.

**7. Transportation and Exchanges**

a. Exchanges at school when in session; otherwise curbside at receiving parent's residence or agreed public location.

b. Receiving parent provides transportation.

c. Delays over fifteen (15) minutes without notice may be documented but do not forfeit time.

d. Responsible third-party transportation permitted with reasonable notice.

e. Prompt communication required for delays or emergencies.

**8. Travel and Out-of-State Notification**

a. In-state travel requires no notice if it does not interfere with parenting time.

b. Out-of-state travel requires seven (7) days' advance written notice when practicable.

c. Notice shall include destination, dates, transportation, lodging or general location, and contact number.

d. International travel requires written consent or court order and full itinerary.

e. Travel shall not be used to interfere with parenting time.

**9. Relocation Restriction**

Neither parent shall relocate the child's primary residence outside Oklahoma or more than fifty (50) miles from Oklahoma County until the child reaches the age of majority, absent written consent or court order based on necessity and best interests.

**10. Right of First Refusal**

If either parent cannot personally care for the child for six (6) consecutive hours or more, that parent shall offer the other parent the opportunity to care for the child before third-party childcare, unless the child is already in scheduled school or activities.

**11. Make-Up Parenting Time**

Missed parenting time shall be made up within fourteen (14) days or at the next reasonable opportunity by agreement.

# II. CHILD SUPPORT & SPOUSAL SUPPORT

1. Child support shall be calculated under Oklahoma Child Support Guidelines and adjusted for equal parenting time.
2. Each party waives spousal support now and in the future.

# III. PROPERTY & DEBT DIVISION

1. All marital assets and debts shall be divided equally (50/50) under Oklahoma law.
2. The marital residence shall be sold with proceeds divided equally or retained by one party with refinance and equal equity buy-out.
3. If no agreement within sixty (60) days, the home shall be listed for sale.
4. Retirement accounts shall be divided equally via QDRO or other lawful instruments.
5. Each party retains property in his or her possession unless listed otherwise.
6. Each party holds the other harmless from assigned debts.

# IV. ATTORNEY FEES & COSTS

1. Each party bears his or her own attorney's fees and costs.
2. Transcript purchases and record preservation shall not be grounds for contempt or sanctions.

# V. DHS & SAFETY ALLEGATIONS

1. DHS involvement did not result in substantiated findings of abuse, neglect, or deprivation, and no criminal charges were filed.
2. Prior unsubstantiated allegations shall not be relied upon absent new evidence.

# VI. MUTUAL CONDUCT & PUBLIC STATEMENTS

1. No harassment or interference with parenting time.
2. No disparagement in the child's presence or through third parties.
3. No adult conflict during exchanges or in the child's presence.
4. Communication shall be civil and child-focused.
5. No negative public or social-media statements about the other parent.
6. No public discussion of court proceedings or allegations.
7. Violations may support contempt or modification as allowed by law.

# VII. PARENT COMMUNICATION PLATFORM

Except in emergencies, all communication regarding the child shall occur through TalkingParents or OurFamilyWizard.

## VIII. RESERVATION OF NON-DOMESTIC RIGHTS

1. This Agreement resolves domestic-relations issues only.
2. No waiver of civil, constitutional, statutory, administrative, or professional-conduct claims.
3. No admissions of wrongdoing.

## IX. ENFORCEMENT & JURISDICTION

1. Modification requires material, substantial, and continuing change of circumstances.
2. Oklahoma County District Court retains jurisdiction for enforcement.

## X. FINALITY

This Agreement shall be incorporated into the Final Decree of Divorce and shall be enforceable as an order of the Court.

Respectfully submitted,

Ryan Coleman, Respondent, Pro Se

Date: __________

Ebony Camille Coleman, Petitioner

Date: __________

<H+D+M+A.png>