*1062690084*

ORIGINAL

FILED
SUPREME COURT
STATE OF OKLAHOMA

OCT - 2 2025

SELDEN JONES
CLERK

#123463

Exhibit 3

~~Court Filing~~ RC

--------ORIGINAL--------
Receipted ____
Marshall ____
Reynolds ____
Cert mailed ____
Updated ____

Ok Supreme Court Filing

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

RYAN COLEMAN,

Petitioner,

v.

THE HONORABLE DISTRICT COURT OF OKLAHOMA COUNTY,

Respondent,

and

EBONY COLEMAN,

Real Party in Interest.

Case No. 123463

District Court Case No. FD-2024-527

**PETITION TO ASSUME ORIGINAL JURISDICTION AND APPLICATION FOR EXTRAORDINARY RELIEF**

Petitioner, Ryan Coleman, respectfully petitions this Court pursuant to Art. 7, §4 of the Oklahoma Constitution and 12 O.S. §§ 1451–1453 to assume original jurisdiction and grant extraordinary relief from orders entered in District Court Case No. FD-2024-527. This case presents structural constitutional violations that cannot be remedied through ordinary appeal and that undermine the integrity of the judicial process statewide.

The trial judge who issued the challenged rulings recused on September 26, 2025 pursuant to Rule 15 after imposing a contempt citation without motion, notice, or willfulness, withholding guardian ad litem (GAL) recommendations from the Petitioner while allowing opposing counsel to access them, and presiding over proceedings that relied on incomplete DHS findings and selectively applied procedural rights. The recusal confirms that the tribunal was not neutral when those rulings issued. Orders issued under a disqualified judge are void or voidable and require immediate corrective intervention.

Further, Petitioner was punished for a lawful act essential to appellate access—obtaining certified court transcripts to preserve and correct the record. The contempt citation arose sua sponte, without any motion by the opposing party, without advance

notice that transcript acquisition could be treated as contemptuous, and without identification of any violated order or willful conduct. The court later relied on the same transcripts it had condemned. Opposing counsel, who sits on the Board of Governors of the Oklahoma Bar and serves as a GAL in other cases, obtained transcripts without sanction. This selective enforcement violates due process and equal protection and chills appellate rights across Oklahoma.

The GAL, Miranda Long, withheld her recommendations from Petitioner while communicating them to others, in direct violation of the GAL Handbook and 43 O.S. §107.3. Opposing counsel, a Bar Governor and GAL herself, argued in favor of continued secrecy despite knowing equal disclosure is mandated. The presiding judge endorsed this practice, then relied on one-sided input in determining custody and credibility. The February 7, 2025 hearing memorializes these objections on the record.

The court also allowed the misuse of incomplete DHS findings that were portrayed as final, despite an active appeal letter being withheld by the opposing party and Petitioner being denied interview access after invoking his right to counsel. No neutral tribunal could sustain orders based on misrepresented or undisclosed evidence.

These compounded violations—judicial bias culminating in recusal, sua sponte contempt aimed at transcript access, unequal disclosure of GAL materials, and reliance on incomplete DHS records—render the resulting custody and contempt orders constitutionally defective. They implicate statewide standards for pro se litigants, appellate rights, neutrality, and GAL conduct. Only this Court can remedy the harm and prevent recurrence.

Oklahoma has already seen, in a highly publicized family court tragedy, the irreversible harm that can result when fathers are denied due process, judicial bias goes unchecked, and custody decisions are made without full and fair disclosure of evidence. This Court is uniquely positioned to prevent such systemic failure from repeating by intervening now, before injustice becomes permanent or uncorrectable.

Petitioner therefore prays that this Court:

1. Assume original jurisdiction;

2. Vacate the contempt citation as void for lack of notice, motion, willfulness, and due process;

3. Vacate or stay all orders entered by the recused judge;

4. Remand for rehearing before a neutral judge uninvolved in prior proceedings;

5. Order full and equal disclosure of GAL recommendations as mandated by law;

6. Bar reliance on incomplete or undisclosed DHS findings;

7. Grant such further relief as justice and constitutional principles require; and

8. Authorize Petitioner to obtain, file, and rely upon all certified transcripts necessary to preserve and correct the record, and direct that such transcripts be included in the official record without restriction or threat of contempt. Further, because opposing counsel has already purchased and used transcripts without sanction, and because suit money was denied despite clear income disparity, Petitioner requests that the cost of transcript preparation be allocated to the opposing party or otherwise reimbursed to ensure equal access to appellate rights. Petitioner also seeks leave to supplement the record with any new evidence arising from those transcripts or from issues tied to the wrongful denial of suit money.

Respectfully submitted,

Ryan Coleman

Petitioner, Pro Se

Phone: 405-990-6979

Email: ryan@liveunitedokc.com