ORIGINAL

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA
OCT 10 2025
SELDEN JONES
CLERK

Exhibit 4

RYAN DONELL COLEMAN,

Petitioner/Appellant,

v.

EBONY CAMILLE COLEMAN,

Respondent/Appellee.

Received: 10-10-25
Docketed:
Marshal:
COA/OKC:
COA/TUL:

Case No. 123463

**SUPPLEMENT TO PETITION IN ERROR**

(Bias, Disability Discrimination, and 14th Amendment Violation)

## INTRODUCTION

Respondent files this supplement to ensure the record reflects how Governor Allyson Dow and the trial court allowed disability-based discrediting to

infect the proceedings. What occurred was not only improper coaching of a witness, but also a structural violation of the Fourteenth Amendment's guarantee of Due Process and Equal Protection, compounded by disregard for protections afforded under the Americans with Disabilities Act ("ADA").

As the Eighth Circuit held in Bahl v. County of Ramsey, 695 F.3d 778 (8th Cir. 2012), Title II of the ADA imposes effective-communication obligations, and officials may not disregard or discredit a documented speech disability in government processes. That principle governs here.

## FACTUAL BACKGROUND

1. Speech impediment documented in the record.
   At the April 22, 2024 Temporary Order hearing, Respondent's stutter was openly acknowledged by then-counsel on the record. This demonstrated that the court and counsel were aware of a documented speech disability.

2. Governor Dow's coaching of a witness.
   During the final hearing, witness Hannah Taylor—appearing for Respondent's former spouse—admitted under cross-examination by attorney Steven Ditto that Governor Allyson Dow told her Respondent was "faking" his stutter during prior court proceedings. Taylor further admitted she had never been present in any hearing before that day and had only heard Respondent stutter "once or twice" in her life. Her belief that he was faking was based entirely on Governor Dow's statements, not her own observation. This testimony is captured in the official transcript of the final hearing.

3. Court's failure to address.
   Despite testimony showing opposing counsel coached a witness to diminish a disability, the Court did not intervene, reprimand, or provide

corrective instruction. Instead, the testimony was allowed to stand, further undermining Respondent's credibility in a case where credibility determinations were dispositive.

4. Pattern of disadvantage.
   Throughout this case, Respondent has appeared pro se for substantial portions of the litigation. The trial court repeatedly disadvantaged him—denying access to the GAL report, elevating out-of-court leaks into in-court testimony, and refusing to identify the "we" in the August 8, 2025 credibility ruling. The disability discrediting compounded this bias and cemented the structural imbalance.

5. Community role and public record of speech.
   At the time of trial, Respondent served as President of the Harding Charter Preparatory School District Board, sat on multiple civic boards and committees, and worked with underserved communities throughout Oklahoma City. His public speaking, despite a lifelong stutter, has been celebrated by peers and community members as a source of inspiration. Yet in this courtroom, the same speech impediment that is recognized publicly as a strength was weaponized against him to undermine credibility—solely because opposing counsel coached a witness to claim it was "fake."

## CONSTITUTIONAL AND STATUTORY VIOLATIONS

1. Fourteenth Amendment — Due Process & Equal Protection

- Targeting a litigant's speech impediment to undermine credibility is state-sanctioned prejudice. It denies a meaningful opportunity to be

heard "on equal terms" with represented parties. See Tumey v. Ohio; Caperton v. Massey.

- Equal Protection: Targeting a Black father and community leader with a documented speech impediment—whose public role depends on communication and whose speech has been celebrated citywide—while allowing counsel to label that disability as "fake" in court, constitutes discriminatory treatment that denied him equal standing before the law.

2. Americans with Disabilities Act (ADA), Title II

- The ADA prohibits public entities, including state courts, from denying services or participation on the basis of disability. By allowing Governor Dow to inject testimony that Respondent was "faking" his stutter—and by using that to undercut credibility—the Court enabled exactly the kind of discriminatory barrier the ADA forbids. See Bahl, 695 F.3d at 783–86.

3. Oklahoma precedent

- Weeks v. ISD 89 (1983 OK 73): Orders entered from biased proceedings are invalid.
- Shadid v. Hammond (1925 OK 907): Judicial rulings must be free from suspicion of prejudice.

- Harmon v. Harmon (2011 OK CIV APP 62): Family-law credibility findings tainted by prejudice undermine the integrity of the ruling.
- Application of Goodwin (1973 OK 148): Due process in Oklahoma includes the right to a fair hearing without disadvantage from disability.
- State ex rel. OBA v. Benefield (2005 OK 75): Attorneys who undermine trust in the justice system violate core duties; Bar Governors are held to the highest standard.

Governor Dow's conduct falls squarely within these prohibitions. She did not merely argue zealously—she coached a witness to repeat a false claim that Respondent's speech impediment was fabricated. The trial court's failure to remedy the prejudice compounded the violation.

## RELIEF REQUESTED

Respondent respectfully asks this Court to:

A. Vacate all credibility determinations against Respondent made after the final hearing, as they were tainted by disability-based prejudice.

B. Disqualify Governor Allyson Dow from further participation and refer her conduct for disciplinary review under Benefield.

C. Confirm ADA coverage and Fourteenth Amendment protections for pro se litigants with documented disabilities, ensuring that courts may not weaponize those disabilities against the litigant's credibility.

D. Order corrective measures, including:

1. Bar Governor Dow's coached testimony from consideration in future proceedings; and

2. Re-evaluate all orders entered after the final hearing for prejudice.

E. Preserve Respondent's right to pursue federal remedies if state relief is denied, consistent with Tumey, Caperton, and Lugar v. Edmondson Oil Co.

F. Reassign venue to ensure impartiality and remove the case from the influence of a sitting Bar Governor whose conduct has gone unpoliced across successive courtrooms.

G. Mandate ADA/effective-communication and speech-disability training for Governor Dow and for judicial officers and courtroom staff who have presided over this matter, with certification of completion filed in the record.

H. Grant leave to lodge the body-camera video under seal for appellate review, and direct the district court on remand to receive and consider it as evidence relevant to credibility and ADA compliance; the Court may also review the video in camera.

## CONCLUSION

When a litigant's disability is used as a weapon against him—not by evidence, but by the coaching of opposing counsel who is also a Bar Governor—the proceedings are not merely biased; they are unconstitutional. The Fourteenth Amendment requires more. The ADA requires more. This Court must act to restore integrity to the process.

Respectfully submitted,

/s/ Ryan Donell Coleman

Petitioner/Appellant, Pro Se

1013 NE 120th St.

Oklahoma City, OK 73131

Tel: (405) 990-6979 | Email: (as on file)

Dated: 10-10-25

ORIGINAL *1062690089*

FILED
SUPREME COURT
STATE OF OKLAHOMA

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

OCT - 3 2025

Friday, October 3, 2025

SELDEN JONE
CLERK

THE CLERK IS DIRECTED TO ENTER THE FOLLOWING ORDERS OF THE COURT:

123,463 - RYAN COLEMAN v. THE HONORABLE JAMES P. SIDERIAS; and EBONY COLEMAN

The Court notes receipt of Petitioner Ryan Coleman's Application to Assume Original Jurisdiction. Petitioner must submit a Notice to be prepared in conformance with Oklahoma Supreme Court Rule 1.191(e) and Rule 1.301, Form No. 14. If a Notice is not received by this Court by October 17, 2025, this cause may be dismissed as abandoned.

Petitioner is also directed to provide this Court with proof that the Application was served on the Respondent, the Honorable James M. Siderias, and any real party in interest. Proof of service must be filed no later than October 17, 2025, or this cause may be dismissed as abandoned. All filings must be served on other parties in the manner provided by 12 O.S. 2021 § 2005(B). No brief, motion, petition, or other filing will be considered by this Court without proof of service to the adverse parties, namely the Respondent. Oklahoma Supreme Court Rule 1.4(g)(1), 12 O.S.2021, app. 1.

Petitioner is further directed to submit to this Court on or before October 17, 2025, an Entry of Appearance prepared in conformance with Okla. Sup. Ct. R. 1.301, Form No. 2, which must include a physical return address.

James R. Winchester
ACTING CHIEF JUSTICE

| | |
|---|---|
| Rec'd (date) | 10-3-25 |
| Posted | [initials] |
| Mailed | [initials] |
| Distrib | [initials] |
| Publish ____ yes ____ no | no |