ORIGINAL

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

Exhibit 7

FILED
SUPREME COURT
STATE OF OKLAHOMA

NOV - 4 2025

SELDEN JONES
CLERK

RYAN COLEMAN,

Petitioner,

v.

THE HONORABLE JAMES M. SIDERIAS,

Respondent,

and

EBONY COLEMAN,

Real Party in Interest.

Received:
Docketed: 11.4.
Marshal:
COA/OKC:
COA/TUL:

Case No. 123,463

# PETITIONER'S EMERGENCY MOTION TO VACATE DISMISSAL, REINSTATE ORIGINAL PROCEEDING, AND ACCEPT LATE-FILED NOTICE OF ORIGINAL JURISDICTION NUNC PRO TUNC

## Introduction

Petitioner, Ryan Coleman, appearing pro se, respectfully moves this Court to vacate the November 3, 2025 dismissal order entered in this cause, accept the late-filed Notice of Original Jurisdiction (Form No. 14) nunc pro tunc to the date of service, and reinstate this proceeding under Case No. 123,463. This request is based upon substantial compliance with the Court's October 3, 2025 directive, the absence of prejudice to any party, and the preference for decisions on the merits rather than procedural technicalities.

## Procedural Background

1. On October 3, 2025, this Court directed Petitioner to:
   (a) file a Notice of Original Jurisdiction Proceeding (Form No. 14);
   (b) file proof of service under 12 O.S. § 2005(B); and
   (c) file an Entry of Appearance under Rule 1.301.
2. Petitioner timely filed an Entry of Appearance (Form No. 2) on October 10, 2025, stamped "Original" by the Clerk of the Court.
3. Petitioner also filed proof of service via certified mail on October 14, 2025, demonstrating service upon both the Respondent Judge and counsel for the Real Party in Interest.
4. Petitioner filed multiple supplemental pleadings and emergency supplements throughout October 2025. The only omission was the separate filing of Form No. 14, which is now attached as Exhibit C.
5. On November 3, 2025, the Court dismissed this proceeding for failure to substantially comply with its October 3 order.

## Argument

A. Substantial Compliance Achieved

Petitioner fulfilled the purpose and substance of the Court's directives. The record demonstrates timely service and notice to all parties. The omission of a formal Form 14 filing was an inadvertent clerical error, not a failure of compliance.

B. Legal Authority for Nunc Pro Tunc Acceptance

Under 12 O.S. § 78 and § 2001(B), courts are to disregard procedural errors that do not affect substantial rights. The Oklahoma Supreme Court has inherent authority to accept filings nunc pro tunc to correct clerical or non-prejudicial omissions.

C. Interests of Justice Favor Reinstatement

Reinstating this proceeding serves judicial economy, avoids redundant filings, and preserves the integrity of appellate review. The purpose of the rules—ensuring notice and procedural clarity—has been fully achieved.

## Relief Requested

Petitioner respectfully requests that this Court:

1. Vacate the November 3, 2025 dismissal order;

*Case is now set for HOM on property and debt pursuant to Paragraph 24 of the Decree. Pretrial is set January 8, 2026 at 3 PM; and Trial is set January 12 and 13, 2026.

2. Issues of the Case to be Decided by the Court: (1) Property Division; (2) Debt Allocation.

3. Mother's Witness List:

   a. Ebony Coleman, C/O Allyson Dow, Esq. 1211 N. Shartel Ave., Suite 1005, Oklahoma City, Oklahoma. Petitioner - Will testify as to all issues in this matter.

   b. Ryan Coleman, Respondent - Will testify as to all issues in this matter.

   c. Ieasha Larkpor, Realtor of the parties, myagentisin@thunderteamrealty.com. Will testify as to her interactions with the parties and involvement with trying to sell the residences.

   d. Tyler Stroud, Senior Vice President of Quail Creek Bank, tstroud@quailcreek.bank. Will testify as to the mortgages and banking information regarding the residences.

   e. Any rebuttal witnesses necessary.

   f. Any witness needed to authenticate exhibits.

   g. Any of Respondent's witness, whether actually called or not.

4. Exhibit List:

| No. | Description |
|---|---|
| 1. | Appraisal of 13 Oakwood Drive, Forest Park |
| 2. | Value for 8319 NE 10th, MWC |

| | |
|---|---|
| 3. | Appraisal of 1013 NE 120th St., OKC |
| 4. | Value for 2013 Honda Cross Tour |
| 5. | Value for 2019 Dodge Ram |
| 6. | IRA #0377 Statement |
| 7. | Empower 401K #1033-01 Statement |
| 8. | Chase #4857 Statement |
| 9. | BOA #6195 Statement |
| 10. | Chase #1366 Statement |
| 11. | Chase #7760 Statement |
| 12. | Quail Creek #5162 Statement |
| 13. | Chase #3877 Statement |
| 14. | Chase #5843 Statement |
| 15. | Loan amount owed on the Cross Tour vehicle<br>Mortgage amount owed on Marital Residence and QQB Account 3362 |
| 16. | Debt on the Ram and debt on the City Simplicity Card |
| 17. | Mortgage Statement/Balance for 1013 NE 120th St., OKC |
| 18. | Home Depot #1414 Statement |
| 19. | Chase #9784 Statement |
| 20. | SBA Loan documentation |
| 21. | Value for 2007 Chevrolet Avalanche |
| 22. | Value of the 2005 Chevrolet Silverado |
| 23. | Amount paid to transfer utilities due to VPO |
| 24. | Chase Southwest #4156 Statement |

| | |
|---|---|
| 25. | American Express #1006 Statement |
| 26. | Bank of America #7361 Statement |
| 27. | Home Depot #2800 Statement |
| 28. | Amazon #0192 Statement |
| 29. | Frontier MC Barclays #6450 Statement |
| 30. | American Express #2001 Statement |
| 31. | Nonrefundable airline tickets documentation |
| 32. | PFCP #7214 Statement |
| 33. | AT&T Line paid by Wife for Husband |
| 34. | Wife Student Loans- used for marital living fees |
| 35. | Pike pass information |
| 36. | Repairs paid by Wife for marital residence |
| 37. | 2023 tax preparation payments |
| 38. | Wife paid Husband's student loans |
| 39. | Quail Creek Bank Account #0297 statement |
| 40. | Quail Creek Bank Account #9506 statement |
| 41. | Quail Creek Bank Account #3592 statement |
| 42. | Quail Creek Bank Account #3066 statement |
| 43. | Ram Registration paid by Wife |
| 44. | Quail Creek Bank Account #2432 statement |
| 45. | Foreclosure documents for 1013 NE 120th |
| 46. | Deeds showing Quail Creek owns properties located at:<br>2131 N. Jordan Ave, OKC; |

| | |
|---|---|
| | 1449 N.E. 14th St., OKC |
| 47. | Out of Pocket owed by Father as of December 2025 |
| 48. | Child Support and Child activities arrears |
| 49. | Chase Account #6535 |
| 50. | Payments for Insurance made by Wife on Husband's Residence |
| 51. | Aid to Court Re: Health insurance owed by father for child. |

5. Proposed Resolution/Prayer for Relief of Petitioner/AID TO THE COURT:

   a. Child Support Arrearage: Respondent is in arrears for child support for the months of July-December, 2025 and has not paid his 36% for out of pocket medical expenses.

   b. Extracurricular Activities: Father has not paid his 50% of the child's extra curricular activities.

   c. Property Division and Debt Allocation: To be divided pursuant to the Petitioner's Proposed Marital Balance Sheet. Each party should be responsible for debts pursuant to the properties awarded to him/her by the Court since the date of separation of the parties. Petitioner should be awarded her business, Wellness Redefined, along with the debt. Respondent should be awarded all his business, Live United Construction and Real Estate DBA Live United OKC, Live United Rentals, Live United Custom Builds, Live United Renovations and Live United Properties. Live United businesses, along with the debt.

1. Due to Respondent's history of nonpayment and obstruction and direct impact to petitioner credit. Petitioner should be granted authority to immediately list and sell the property located at 1013 NE 120th Street, Oklahoma City. Respondent shall fully cooperate with the sale, including granting access within 48 hours of request. If Respondent fails to cooperate, Petitioner shall have unilateral authority to proceed, and Respondent shall be responsible for any additional costs, fees, or losses caused by delay. Upon sale of the property, all back due fees, taxes, and costs of sale (mortgage payoff, accrued interest, and escrow account) shall be paid at closing before any distribution of equity. Any capital gains taxes attributable to Respondent's equity interest shall be his sole responsibility and shall be paid from his portion of the proceeds at closing. Petitioner shall not be required to advance, front, or absorb any tax liability caused by Respondent's share. No equity or disbursement shall be released to Respondent until all required obligations, including taxes and capital gains are fully satisfied and will be held with Attorney Dow Trust until confirmed by Petitioner. Equity shall be calculated using the $340,000 valuation reflected on the Marital Balance Sheet. Any net sale proceeds in excess of $340,000 shall be divided equally between the parties.
2. The parties shall remove one another as authorized users to any bank account awarded to him/her herein. The parties shall also

to him/her herein, and this shall occur within ten (10) days as of the date of entry of this Decree.

3. Any amounts Quail Creek Bank is unable to recover from foreclosed rental properties and reports as taxable income via IRS Form 1099 shall be treated as income and liability attributable solely to Respondent and his businesses, including Live United OKC, Live United Rentals, and related entities, and shall not be allocated to Petitioner in any form.

4. Any debts occurred by either party after the date of filing shall be considered their separate debt.

d. Attorney Fees: Petitioner should receive her attorney fees and costs paid by the Respondent. Petitioner requests this Court not rule prematurely on this issue but rather let it proceed with proper application after the Hearing.

6. Estimated Time for Trial: 2 days (or more).

Respectfully Submitted,

Allyson Dow

ALLYSON DOW, OBA #31040
HENRY + DOW
1211 N. Shartel Ave., Suite 1005
Oklahoma City, Oklahoma 73103
(405) 605-0681
allyson@henrydowlaw.com
Attorney for Petitioner

**CERTIFICATE OF DELIVERY**

I certify that on 6th day of January, 2026, I delivered a copy of the Pretrial Conference Statement, via email, to:

Ryan Coleman, Respondent, Pro SE

Honorable Jennifer Montagna
JUDGE OF THE DISTRICT COURT

ALLYSON DOW