**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RYAN COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-30-G** |
| | ) | |
| **MIRANDA LONG, Guardian ad Litem, in her individual capacity, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Ryan Coleman, appearing pro se, initiated this action on January 8, 2026.[1] Now before the Court is Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) pursuant to 28 U.S.C. § 1915(a)(1).

Proceeding *in forma pauperis* "in a civil case is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The Court evaluates "an application to proceed in forma pauperis . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). Factors the Court may consider include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). In assessing Plaintiff's financial resources, the Court may consider the degree to which his monthly

[1] The Court has considered Plaintiff's Responses (Doc. Nos. 6, 7) and finds that Plaintiff has shown sufficient cause for the mailing returned to the Court. *See* Doc. Nos. 3, 4.

income exceeds his monthly obligations. *See id.*

Upon review of the Application and case record, the Court finds that "the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee." *Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009). Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply. Further, Plaintiff is employed and retains $3000.00 in savings. *See* Pl.'s Appl. at 1-2. "While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend," Plaintiff does appear able "to spend [his] discretionary funds on [the] filing fee[] if [he] desires." *Lewis v. Ctr. Mkt.*, Nos. Civ. 09-306, -700, -701, 702, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009). Accordingly, Plaintiff is not entitled to forgo paying the $405.00 filing fee altogether. The Court, however, will permit Plaintiff to pay the fee via monthly installments. *See, e.g.*, *Dungan v. Dep't of Veterans Affs.*, No. CIV-18-1038-R, 2019 WL 943416, at *1 (W.D. Okla. Feb. 26, 2019).

## CONCLUSION

As outlined herein, Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) is DENIED.

Plaintiff shall submit an initial payment of $55.00 toward the filing fee to the Clerk of Court within twenty-one (21) days of the date of this Order. Plaintiff shall thereafter submit $50.00 by the first day of each following month until the entire fee has been paid.

Plaintiff is advised that failure to provide payment may result in dismissal of this action without prejudice.

IT IS SO ORDERED this 1st day of September, 2026.

CHARLES B. GOODWIN
United States District Judge